FILED
IN CLERKS OFFICE
2004 OCT 20  A 9: 02
U.S. DISTRICT COURT
DISTRICT OF MASS.

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

Docket No. 04CV12160NG

CITIZENS BANK OF MASSACHUSETTS )
    Plaintiff )
)
vs. )
)
WACHOVIA BANK, N.A. )
    Defendant )

### DEFENDANT WACHOVIA BANK, N.A.'S MEMORANDUM IN SUPPORT OF ITS MOTION TO DISMISS

This case arises out of the Plaintiff's claim that Wachovia Bank, N.A. ("Wachovia") wrongfully dishonored a Letter of Credit naming the Plaintiff, Citizens Bank of Massachusetts ("Citizens") as the beneficiary. Wachovia asserts that Massachusetts courts cannot exercise personal jurisdiction over Wachovia arising from this transaction because Wachovia has not undertaken any activities in Massachusetts with respect to the Letter of Credit. Furthermore, as a matter of law, "the beneficiary's status as a resident of a forum state is not sufficient to establish personal jurisdiction over the banks involved in issuing or confirming the letter of credit for the beneficiary." RS Holdings, AVV v. Commerzbank, AG, 279 F. Supp.2d 716, 720-721 (E.D. Va. 2003) and cases cited therein. Accordingly, as Massachusetts courts cannot exercise jurisdiction over Wachovia, this Court should dismiss this case for lack of personal jurisdiction.

I.   FACTUAL BACKGROUND

On or about January 22, 1998, Ocean Bank of Miami, a Florida bank, issued an irrevocable standby letter of credit for the account of Bahig Bishay in favor of the beneficiary, Citizens Bank of Massachusetts. Complaint, para. 4. Wachovia's predecessor in interest, First Union National Bank, a Florida bank, acted as the confirming bank[1] in this transaction. Complaint, paras. 3-4.

The Letter of Credit provides:

The Letter of Credit expires on December 31, 1998. It is a condition of this letter of credit that it shall be automatically renewed for additional periods of one year from the present or each future expiration date, unless First Union National Bank, Miami, Florida notifies you via certified mail, return receipt requested, at least 45 prior to such expiration date that Ocean Bank elects not to renew this Letter of Credit.

Complaint, Exhibit 1.

In accordance with this provision, Wachovia sent a notice of non-renewal to Citizens Bank, at One Citizens Plaza, Providence, Rhode Island, on October 22, 2002. Complaint, Exhibit 2. Thereafter, on or about October 30, 2003 and thereafter on September 14, 2004, Citizens made a demand for $98,706.59, pursuant to the Letter of Credit. Complaint, para. 6. Wachovia Bank refused to honor the Letter of Credit on the grounds that that the Letter of Credit expired pursuant to Wachovia's October 22, 2002 notice of non-renewal. Complaint, para. 7; Exhibit 3.

---

[1] A confirming bank, in addition to the issuing bank, undertakes a definite undertaking to pay a valid draw under a letter of credit. Moog World Trade Organization v. Boatman's National Bank of St. Loius, 90 F.3d 1382, 1383, n. 2 (8th Cir. 1996).

II.   ARGUMENT

Since this is a diversity case, personal jurisdiction is determined by state law. Insurance Corp. of Ireland, Ltd. v. Compagnie des Bauxites de Guinee, 456 U.S. 694, 711, 72 L. Ed. 2d 492, 102 S. Ct. 2099 (1982). Normally, under Massachusetts law, a plaintiff bears the burden of establishing that personal jurisdiction over a non-resident is proper under both (1) the forum's long-arm statute; and (2) the Due Process Clause of the United States Constitution. Ticketmaster-New York, Inc. v. Alioto, 26 F.3d 201, 204 (1st Cir. 1994).

The reach of Massachusetts state courts is defined by G.L. c. 223A. New Hampshire Insurance Guaranty Assoc. v. Markem Corporation, 424 Mass. 344, 346 (1997). "Generally, a claim of personal jurisdiction over a non-resident defendant presents a two-fold inquiry: (1) is the assertion of jurisdiction authorized by [G.L. c. 223A], and, (2) if authorized, is the exercise of jurisdiction under State law consistent with the basic due process requirements mandated by the United States Constitution" Good Hope Industries v. Ryder Scott Co., 378 Mass. 1, 6 (1979). When confronted with a motion to dismiss for lack of personal jurisdiction, the plaintiff has the burden to establish sufficient facts on which to base jurisdiction. Morrill v. Tong, 390 Mass. 120, 129 (1983).

Citizens alleges in its complaint that Wachovia conducts business in Massachusetts. Complaint, para. 3. Pursuant to G.L. c. 223A, §3(a):

> "[a] court may exercise personal jurisdiction over a person, who acts directly or by an agent, as to a cause of action . . . arising from the person's (a) transacting any business in this commonwealth."

3

"For jurisdiction to exist under §3(a) the facts must satisfy two requirements – the defendant must have transacted business in Massachusetts, and the plaintiff's claim must have *arisen* from the transaction of business by the defendant." Tatro v. Manor Care, Inc., 416 Mass. 763, 767 (1994)(emphasis added). The transacting any business clause is constructed broadly. Id. Transacting business is any purposeful acts by an individual, whether personal, private, or commercial. Morrill v. Tong, 390 Mass. 120, 130 (1983).

Here, the Plaintiff's Complaint asserts that Wachovia's predecessor in interest, a Florida bank, acted as the confirming bank for the Letter of Credit Agreement and thereafter dishonored Citizens' request for payment. There is no allegation that Wachovia's transaction of business in Massachusetts gives rise to this claim, but, rather, a more general allegation that Wachovia transacts business in Massachusetts. See Tatro, supra at 767. Moreover, as a matter of law, Wachovia's act of dishonoring a letter of credit does not arise to the transaction of business in Massachusetts. See e.g., Moog World Trade Corp. v. Bancomer, S.A., 90 F.3d 1382, 1386 (8th Cir. 1986)(letter of credit transaction does not constitute transacting business with beneficiary in forum state as there is no contract between issuing bank and beneficiary); RS Holdings, AVV v. Commerzbank, AG, 279 F. Supp.2d 716, 720-721 (E.D. Va. 2003)(holding that confirming bank has no contractual relationship with the beneficiary and confirming bank's phone calls and fax transmissions to Virginia beneficiary were insufficient to constitute the act of conducing business under Virginia long-arm statute). To support the argument that Wachovia did not transact business in Massachusetts, with respect to the Letter of Credit, is the fact that the Letter of Credit states that Wachovia is to notify

Citizens in Rhode Island, rather than Massachusetts.[2] Accordingly, Citizens cannot demonstrate that Wachovia transacted business in Massachusetts with respect to the Letter of Credit and thus cannot maintain this action under the Massachusetts Long Arm Statute.

Even if the Court were to conclude that Wachovia's activities constituted transacting business in Massachusetts, Citizen's claim must fail as the maintenance of this action is inconsistent with the requirements of the Due Process Clause. With respect to the Due Process Clause, it is well established in Letter of Credit cases that "the beneficiary's status as a resident of a forum state is not sufficient to establish personal jurisdiction over the banks involved in issuing or confirming the letter of credit for the beneficiary." RS Holdings, AVV v. Commerzbank, AG, 279 F. Supp.2d 716, 720-721 (E.D. Va. 2003) and cases cited therein; Moog World Trade Corp. v. Bancomer, S.A., 90 F.3d 1382, 1386 (8th Cir. 1986)("relying upon traditional due process principals, other federal courts have been virtually unanimous in holding that a bank issuing a commercial letter of credit at the request of its customer, payable at the bank's offices, does not without more subject itself to personal jurisdiction in a distant forum, such as a court where the letter of credit beneficiary resides"); Mikin Chandler v. Barclays Bank PLC, 898 F.2d 1148 (6th Cir. 1990)(holding that mere issuance of letter of credit naming a resident of a particular state as beneficiary does not subject the issuing bank to the jurisdiction of that state) and cases cited therein; see e.g., Empire Abrasive Equipment Corp. v. H.H. Watson, Inc., 567 F.2d 554, 558 (3d Cir. 1977)("We do not think that by issuing a letter of credit for a Rhode Island customer, calling for its performance in

---

[2] As discussed below, Rhode Island courts would not have jurisdiction over Wachovia either.

Rhode Island, the bank can be said to have subjected itself to the adjudicatory authority of Pennsylvania with respect to its obligations under the letter of credit solely because the beneficiary was a Pennsylvania corporate resident . . . if the beneficiary is concerned with subjecting the issuing or confirming bank to a certain forum, it can require that the letter of credit be drawn and confirmed at a financial institution in that forum); Eastland Bank v. Massbank for Savings, 749 F.Supp. 433 (D. R.I. 1990)(recognizing that mere issuance of letter of credit naming a resident of a particular state as a beneficiary does not subject the issuing bank to the jurisdiction of that state and stating that Massachusetts beneficiary could not establish jurisdiction in Massachusetts over Rhode Island bank which issued letter of credit). Thus, the fact that Wachovia acting as a confirming bank in a Letter of Credit transaction in which a Massachusetts corporation was the beneficiary, does not, in and of itself, establish personal jurisdiction over Wachovia in Massachusetts.

In conclusion, the Plaintiff's complaint, on its face, fails to set forth any grounds for personal jurisdiction, as permitted by G.L. c. 223A. Therefore, for this reason alone, the Plaintiff's complaint should be dismissed. Furthermore, to the extent that Wachovia transacts other business in Massachusetts, there is no evidence that the Plaintiff's claim arises from such transaction of business in Massachusetts. Tatro v. Manor Care, Inc., 416 Mass. 763, 767 (1994). Finally, as a matter of Due Process, Federal Courts have ruled that the maintenance of this action offends traditional due process principles.

Accordingly, the Plaintiff's complaint should be dismissed because this court lacks personal jurisdiction over the defendant.

For the Defendant
By its Attorneys,

LECOMTE EMANUELSON
And DOYLE

*/s/ Matthew W. Perkins*
Joseph T. Doyle, Jr., BBO#: 133440
Matthew W. Perkins, BBO#: 564868
Lecomte, Emanuelson and Doyle
Battyermarch Park II
One Pine Hill Drive
Suite 101
Quincy, Massachusetts 02169
617-328-1900

Dated: October 19, 2004

## CERTIFICATE OF SERVICE

I, MATTHEW W. PERKINS, of the firm of Lecomte, Emanuelson, and Doyle, Attorney for Defendants, hereby certify that I, this 19th day of October, 2004, served a copy of the within Motion to Dismiss by first class mail, postage prepaid to all counsel of record.

David C. Aisenberg, Esquire
Looney Cohen Regan & Aisenberg
109 State Street
Boston, MA 02109

*/s/ Matthew W. Perkins*
Matthew W. Perkins